*Northern District*
#6439

## FLORENCE ROSS

### v.

## FROST MOTORS, INC.

Argued: April 26, 1967    Decided: July 19, 1967

*Present:* Brooks, P.J., Connolly, Yesley, J.J.

*\*Brooks, P.J. This is an action of contract* under count #1 for breach of warranty in connection with purchase of an automobile from defendant. Count #2 in negligence is waived. Defendant answered general denial, payment and breach of warranty.

*The evidence was in part as follows:*

On July 7, 1964 plaintiff purchased from defendant a new Oldsmobile automobile. At that time defendant was in the business of selling to the general public automobiles manufactured by the Oldsmobile Division of General Motors, and repairing new and used Oldsmobile automobiles.

At the time plaintiff paid for the car, defendant's sales manager handed her a booklet containing a "New Vehicle Warranty". This warranty was printed in conspicuous type on Pages 4 and 5 of the booklet and read as follows:

"Oldsmobile Division of General Motors Corporation, as Manufacturer, warrants each new motor vehicle and chassis including all equipment and accessories thereon (except tires and tubes), manufactured or supplied by Oldsmobile Division and delivered to the original retail purchaser by an authorized Oldsmobile Dealer, to be free from defects in material and workmanship under normal use and service; Oldsmobile Division's obligation under this warranty being limited to repairing or replacing at its option any part or parts thereof which shall, within twenty-four (24) months after delivery of such vehicle or chassis to the original retail purchaser or before such vehicle or chassis has been driven twenty-four thousand (24,000) miles, whichever event shall first occur, be returned to an authorized Oldsmobile Dealer at such Dealer's place of business and which examination shall disclose to Manufacturer's satisfaction to have been thus defective. The repair or replacement of defective parts under this warranty will be made by such Dealer without charge for

parts and if made at such Dealer's place of business, without charge for labor.

The provisions of this warranty shall not apply to any Oldsmobile motor vehicle or chassis which has been subject to misuse, negligence or accident, or which shall have been repaired or altered outside of an authorized Oldsmobile Dealership in any way so as, in the judgment of Manufacturer, to affect adversely its performance and reliability, nor to normal maintenance services (such as engine tune up, fuel system cleaning and wheel, brake and clutch adjustments) and the replacement of service items (such as spark plugs, ignition points, filters and brake and clutch lining) made in connection with such services, nor to normal deterioration of soft trim and appearance items due to wear and exposure.''

On Page 4 in clear type above the title ''New Vehicle Warranty'' was the following paragraph:

''There are no warranties, expressed or implied, made by either the Dealer or the Manufacturer on new Oldsmobile motor vehicles except the Manufacturer's Warranty against defects in material and workmanship set out below.''

On Page 5 in a separate paragraph and in conspicuous type below the part of the war-

ranty on Page 5 was the following paragraph in clear type:

"This warranty is expressly in lieu of any other waranties, expressed or implied, including any implied warranty of merchantability, of fitness for a particular purpose, and of any other obligations or liability on the part of the Manufacturer, and Oldsmobile Division neither assumes nor authorizes any other person to assume for it any other liability in connection with such motor vehicle or chassis."

It is plaintiff's contention that the "New Vehicle Warranty" does not exclude an implied warranty on the part of the sales of defendant Frost Motors, Inc., since the warranty itself does not mention "merchantability", as spelled out in G.L. c. 106, § 2-316, (U.C.C. § 2-316) as follows:

### Exclusion or Modification of Warranties

1. Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this Article on parol or extrinsic evidence (section 2-202) negation or limitation is inoperative to the extent that such construction is unreasonable.

2. Subject to subsection (3), to exclude or modify the implied warranty of mer-

chantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that ''There are no warranties which extend beyond the description on the face hereof.''

3. (This section contains nothing related to the question at issue.)

The warranty taken in connection with what might be called the prologue and the epilogue must be taken together. It is evident from c. 106, § 2-316, subsection (1) that there is some elasticity in this matter of mentioning merchantability: ''Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other.'' Also in subsection (2): ''Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.' ''

The epilogue, which contains the word ''merchantability'', does so by implication. It seems pretty clear that the framers of the warranty are talking about merchantability. While they do not use that word specifically in the warranty

itself, it is contained in language which directly bears upon the subject matter.

One purpose of the Commercial Code is to protect the customer. Certainly there is nothing endangering the rights of the customer if General Motors Corp. is substituted for the dealer as warrantor. The argument that this would inconvenience the customer in the matter of bringing suit is not convincing. General Motors has business in most states in the Union, including this Commonwealth.

Under the circumstances, plaintiff cannot recover against defendant the wrong warrantor. We therefore sustain the trial court and order the report be dismissed.

CHARLES E. GENNERT
    for plaintiff
LOUIS LAWRENCE GREEN
    for defendant